McCrary, Circuit Judge.
As the case stood prior to the filing of the petition of intervention (which is in substance a bill of review), it was not removable under the act of March 3, 1875, because the time for removal had passed.
The case had been pending in the state court over three years. The statute requires that the petition for removal shall be filed “ before or at the term at which said cause could be first tried and before the trial thereof.” (Sec. 3, Act of March 3, 1875.)
If the cause is removable, it must be upon the ground that the petition of intervention, or bill of review, above named, is a suit within the meaning of the act. The language of the law is, “That any suit of a civil nature, at law or in equity, now pending, or hereafter brought in any state court,” etc., may be removed. The sole question here is, whether the mere filing of a petition under the state practice in a court of the state, without the issuing or service of notice or process of any kind, constitutes a suit within the meaning of the act. I am clearly of the opinion that it does not Upon general principles, I should say, without hesitation, that process is essential to the institution of a suit. In the very nature of the case, it must be necessary to bring the party defendant into court before any step can be taken to change the forum, or for any other purpose affecting his rights.
The reasons for this rule are too manifest to require statement here; but it is also clear that the suit must exist in the state court, according to the state law, before it is a suit removable under the act of Congress. It must be a suit in which a judgment or decree could be rendered in that court, or sohie action taken affecting the rights of parties.
In other words, it must be a suit “commenced” in the state court, within the meaning of the state law.
How, then, are suits to be commenced under that law? By Sec. 2599 of the Code of Iowa, 1873, it is provided, that “actions in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, in *328 forming the defendant of the name of the plaintiff, and that on or before a date therein named a petition will be filed,” etc.
Miller & Godfrey, for the motion.

George W. Kretzinger, contra.

The term “action,” under the statute of Iowa, is identical with the word “suit” in the act of Congress.
This step, or some other equivalent to it, must be taken before a suit is pending, for the purposes of the removal act, unless, indeed, service be waived by a voluntary appearance.
The motion to remand is sustained.